IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2004 Session

## OFFICE OF THE ATTORNEY GENERAL, CONSUMER ADVOCATE AND PROTECTION DIVISION v. TENNESSEE REGULATORY AUTHORITY

**Appeal from the Tennessee Regulatory Authority**
**No. 03-00060**

_____

**No. M2003-01363-COA-R12-CV - Filed December 21, 2005**

_____

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

## OPINION ON PETITION FOR REHEARING

On November 29, 2005, this court issued an opinion finding that the Tennessee Regulatory Authority (Authority) failed to follow the requirements of then-existing law when it declined to convene a contested case proceeding with regard to BellSouth Telecommunications, Inc.'s "Welcoming Reward Program" tariff. Both the Authority and BellSouth have filed timely petitions for rehearing in accordance with Tenn. R. App. P. 39 with regard to portions of that opinion.

### I.
#### SCOPE OF THE REMAND

The Authority has expressed doubt with regard to the significance of our remand instructions in light of our conclusion that the dispute regarding the "Welcoming Reward Program" tariff is moot because the program expired before the appellate record was filed with this court. Notwithstanding the expiration of the program, we remanded the case to the Authority "for further proceedings consistent with this opinion." This standard instruction does not require any particular action by the Authority with regard to the "Welcoming Reward Program." It is intended to allow the Authority to take whatever actions it deems necessary to conclude this matter consistent with this court's opinion. Depending on the facts of the particular case, these actions may be nothing more than taxing costs or collecting any applicable fees.

## II.
### THE APPLICATION OF TENN. CODE ANN. § 65-5-101(c) (SUPP. 2005)

Both the Authority and BellSouth assert that we overlooked Tenn. Code Ann. § 65-5-101(c) in the portion of our opinion discussing the standards for determining whether it should convene a contested case proceeding to review a proposed tariff. This statute supplies specific standards and gives the Authority broad discretion with regard to convening a contested case proceeding. However, the statute was not in effect when the Authority considered the tariff at issue in this case.[1] Our opinion measured the Authority's actions at issue in this case against the law in effect at the time. Proceedings occurring after July 1, 2004 will, of course, be measured against Tenn. Code Ann. § 65-5-101(c) to the extent it is applicable.

## III.
### THE RIGHT OF THE CAPD AND THE BELLSOUTH COMPETITORS TO A HEARING IN THIS PROCEEDING

As a final matter, both the Authority and BellSouth express concern with Section IV of our November 29, 2005 opinion in which we concluded that the CAPD and BellSouth's competitors had not waived their right to take issue on this appeal with the denial of their petitions for a contested case hearing. They assert that instead of making a waiver argument, they were arguing that the CAPD and BellSouth's competitors simply failed to present sufficient evidence to the Authority to warrant convening a contested case proceeding.

We adhere to our conclusion that the CAPD and BellSouth's competitors did not waive their right to insist on appeal that the Authority should have granted them a contested case hearing. We likewise adhere to our conclusions (1) that both the CAPD and BellSouth's competitors presented particularized allegations alleging the illegality of the proposed tariff, (2) that they demonstrated specifically how they would be injured by the proposed tariff, and (3) that these matters had not been addressed by the Authority in earlier proceedings. As the law stood at the time, these showings should have been sufficient to trigger a contested case hearing. As Director Jones pointed out in his April 25, 2003 dissent to the order denying the petitions for suspension of the tariff and for a contested case hearing:

> The record here shows that as a result of the aggrieved entities in this docket expressing concerns that affected their interests, the majority ordered the Petitioner to make amendments to its original filing. The majority's very actions of ordering amendments consistent with the pleadings of the aggrieved entities rendered this proceeding a *de facto* contested case proceeding. Here, substance over form is crucial. Nevertheless, the majority disregarded the

---

[1]The Authority's final order denying the petitions to suspend the tariff and to convene a contested case proceeding was filed on April 14, 2003. The effective date of Tenn. Code Ann. § 65-5-101(c) was July 1, 2004. Act of April 7, 2004, ch. 545, § 2, 2004 Tenn. Pub. Acts. 1335, 1336.

administrative consequences of its actions in favor of erecting a standard for the convening of a contested case that apparently requires an entity to prosecute its entire case on the front end in order to secure the judicial rights contemplated in Tennessee's Uniform Administrative Procedures Act.

The filings of the CAPD and BellSouth's competitors, coupled with their presentations and arguments during the proceedings before the Authority, provided ample basis for convening a contested case proceeding.[2]

**IV.**

The petitions for rehearing filed by the Authority and BellSouth are denied. We tax the costs related to these petitions in equal proportions to the Tennessee Regulatory Authority and to BellSouth Telecommunications, Inc.

 

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[2]This result could conceivably have been different had this proceeding taken place after July 1, 2004 because Tenn. Code Ann. § 65-5-101(c)(3)(C)(i) would have required the complaining party to demonstrate a "substantial likelihood of prevailing on the merits of its complaint. . . ."